**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **PIERCE BROADBAND, LLC** | : | |
| Plaintiff | : | CIVIL ACTION NO. 3:18-1733 |
| v. | : | (JUDGE MANNION) |
| **VIGILANT INFRASTRUCTURE, LLC** | : | |
| | : | |
| Defendant | : | |
| | : | |

**MEMORANDUM**

Presently before the court is the defendant Vigilant Infrastructure, LLC's ("Vigilant") motion to dismiss or stay proceedings. (Doc. 5). Based on the following, Vigilant's motion (Doc. 5) will be **GRANTED**.

### I. BACKGROUND

On August 31, 2018, plaintiff Pierce Broadband, LLC ("Pierce") filed a one count declaratory judgment complaint regarding a ground lease agreement ("Agreement") between Vigilant and Mt. Pocahontas Home Owners' Association ("Pocahontas"). (Doc. 1). On October 9, 2018, Vigilant filed the present motion to dismiss or stay proceedings. (Doc. 5). Vigilant filed a brief in support of its motion on October 23, 2018. (Doc. 7). Then, on November 6, 2018, Pierce filed its brief in opposition to Vigilant's motion.

(Doc. 8). Vigilant filed a reply brief on November 20, 2018. (Doc. 10). The motion is now ripe for disposition.

## II.　LEGAL STANDARD

Vigilant's motion to dismiss is brought under the provisions of Federal Rule of Civil Procedure 12(b)(1). The standard for such motions is well-established in the Middle District of Pennsylvania: "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).

> [T]he federal courts are without power to adjudicate the substantive claims in a lawsuit, absent a firm bedrock of jurisdiction. When the foundation of federal authority is, in a particular instance, open to question, it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition of the merits.

*Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n*, 554 F.2d 1254, 1256 (3d Cir. 1977).

"Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Ex parte McCardle*, 74 U.S. 506, 514 (1868). This rule "'springs

from the nature and limits of the judicial power of the United States' and 'is inflexible and without exception.'" *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998) (citations omitted). Moreover, "the burden of establishing the [existence of subject-matter jurisdiction] rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377 (citations omitted). This is because, since the federal courts' jurisdiction is strictly limited by Constitution and statute, "[i]t is to be presumed that a cause lies outside this limited jurisdiction." *Id*.

"A district court has to first determine . . . whether a Rule 12(b)(1) motion presents a 'facial' attack or a 'factual' attack on the claim at issue, because that distinction determines how the pleading must be reviewed." *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 357 (3d Cir. 2014).

> A facial attack, as the adjective indicates, is an argument that considers a claim on its face and asserts that it is insufficient to invoke the subject matter jurisdiction of the court, because, for example, it does not present a question of federal law, or because there is no indication of a diversity of citizenship among the parties, or because some other jurisdictional defect is present. Such an attack can occur before the moving party has filed an answer or otherwise contested the factual allegations of the complaint. A factual attack, on the other hand, is an argument that there is no subject matter jurisdiction because the facts of the case—and here the District Court may look beyond the pleadings to ascertain the facts—do not support the asserted jurisdiction.

*Id*. at 358.

> Thus, a Rule 12(b)(1) factual evaluation "may occur at any stage of the proceedings, from the time the answer has been served until after the trial has been completed." *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891-92 (3d Cir. 1977). However, "[a] factual jurisdictional proceeding cannot occur until plaintiff's allegations have been controverted." *Id.* at 892 n.17. When a party files a motion attacking jurisdiction prior to filing an answer to the complaint or otherwise presenting competing facts, the motion is "by definition, a facial attack." *Aichele*, 757 F.3d at 358.

*Wayne Land & Mineral Grp., LLC v. Delaware River Basin Comm'n*, 247 F.Supp.3d 477, 491-92 (M.D.Pa. 2017).

### III. DISCUSSION

Under the legal standard set forth above, Vigilant's attack is a facial attack on jurisdiction, in that it is an argument regarding jurisdiction made before responding to Pierce's factual allegations in its complaint. "In reviewing a facial attack, 'the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff.' Thus, a facial attack calls for a district court to apply the same standard of review it would use in considering a motion to dismiss under Rule 12(b)(6) . . . ." *Aichele*, 757 F.3d at 358 (quotations omitted).

Pierce alleges that jurisdiction is proper under the diversity statute, 28 U.S.C. §1332, in that Pierce, is a citizen of state, diverse from Vigilant.

Vigilant has brought the instant motion arguing that jurisdiction is improper "because of a parallel state proceeding addressing the exact same dispute concerning the exact same [Agreement]." (Doc. 5, at 1-2).

In June of 2017, Pocahontas "entered into a lease agreement with New Line Networks LLC ("New Line"), that permitted New Line to install a telecommunications structure in excess of 50 feet within" Pocahontas' land (the "New Line Lease"). (Doc. 1, at 6). "In response, Vigilant commenced litigation against [Pocahontas] in the Court of Common Pleas of Carbon County for breach of contract, seeking specific performance and injunctive relief to bar enforcement of the New Line Lease . . . ." (Doc. 1, at 6). Vigilant and Pocahontas disputed their construction rights under section eight of the Agreement. (Doc. 1, at 6-7). However, the court did not address the disputed language in section eight because Vigilant and New Line reached a settlement. (Doc. 1, at 7).

On March 28, 2018, Vigilant filed a state court action seeking declaratory judgment against Pocahontas. (Doc. 1, at 9). Then, on April 12, 2018, Pocahontas entered into a lease with Pierce to rent Pierce a tract of Pocahontas property "for the purpose of installing a structure that could exceed fifty feet in height (the "Pierce Leased Property"). (Doc. 1, at 7).

While the state action filed on March 28, 2018, was still pending in state court, Pierce filed the present lawsuit against Vigilant. Pierce seeks a declaratory judgment, a remedy made available to the federal courts by the Declaratory Judgment Act. 28 U.S.C. §§2201-02 (2018). "That statute provides that federal courts 'may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.'" *Kelly v. Maxum Specialty Insurance Group*, 868 F.3d 274, 281 (3d Cir. 2017) (quoting 28 U.S.C. §2201(a)). "Granting a declaratory judgment is therefore discretionary and a court may abstain from entertaining an action seeking only declaratory relief." *Kelly*, 868 F.3d at 281 (citations omitted).

The Third Circuit has directed district courts "deciding whether to entertain a declaratory action to weight certain enumerated and other factors 'bearing on the usefulness of the declaratory judgment remedy, and the fitness of the case for [federal] resolution.'" *Id*. at 282 (citations omitted). "[District] [c]ourts should first determine whether there is a 'parallel state proceeding.' Although the existence of a parallel state proceeding is but one factor for courts to consider, it is a significant factor that is treated with 'increased emphasis.'" *Id*.

While there may be extremely subtle differences between the relief sought and the parties in each case, the court, in its discretion, finds that because both cases involve an interpretation of the same section of the same Agreement regarding construction of structures on essentially the same land, the two cases are "parallel." In addition, while the parties are technically different in each case, the court finds that because the contract between Pierce and Pocahontas depends significantly on the state court's interpretation of the Agreement and because the same attorney represents Pocahontas and Pierce, the difference in the names of the parties is not enough to make these cases different. However, our inquiry does not end here. "When state parallel proceedings do exist, 'district courts exercising jurisdiction should be rigorous in ensuring themselves that the existence of pending parallel state proceedings is outweighed by opposing factors.'" *Id*.

Nevertheless, the court finds the "opposing factors" discussed by the Third Circuit in *Kelly* do not outweigh the existence of a parallel state proceeding. First, the court has a strong "general policy of restraint when the same issues are pending in a state court." *Id*. at 283. Next, the court finds no reason to allow a federal lawsuit to continue when a state court has been dealing with an interpretation of the same section of the same Agreement for over ten months. Most importantly, the court will not entertain the "use of

[this] declaratory action as a method of procedural fencing or as a means to provide another forum in a race for res judicata." *Id*.

IV. CONCLUSION

Based on the foregoing, Vigilant's motion to dismiss will be **GRANTED**. An appropriate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: February 4, 2019**
O:\MANNION\SHARED\MEMORANDA - DJ\CIVIL MEMORANDA\2018 MEMORANDA\18-1733-01.DOCX